IN THE

COURT OF CRIMINAL APPEALS
OF TEXAS

No. WR-

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 08 2015

Abel Acosta, Clerk

HAMIS CHANDE,

Applicant

Seeking Habeas Corpus Relief
Under Article 11.07

v.

THE STATE OF TEXAS

On Collateral Review from 19th District Court
Of McLennan County, Texas
In Cause No. 2012-338-C1D

## APPLICANT'S OBJECTION TO THE TRIAL COURT'S FINDINGS AND CONCLUSIONS

Counsel of Record for Applicant:

HAMIS CHANDE
ID: 1828317
DALHART UNIT
11950 FM 498
DALHART, TEXAS 79022-7624

(806) 249-8655

Applicant Pro Se

# TABLE OF CONTENTS

INDEX OF AUTHORITIES _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _iii

GENERAL OBJECTIONAL _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 1

MERITS _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 2

    1. No-knock Warrant issue _ _ _ _ _ _ _ _ _ _ _ 2

    2. Mens rea issue _ _ _ _ _ _ _ _ _ _ _ _ _ _ 3

    3. Denial of due process _ _ _ _ _ _ _ _ _ _ 4

    4. Remediable _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 5

PRAYER FOR RELIEF _ _ _ _ _ _ _ _ _ _ _ _ 7

# INDEX OF AUTHORITIES

Cases

Burks v. United States, 437 U.S. 1 (1978) _ _ _ _ _ _ _ _ _ _ _ _ 7

Carella v. California, 491 U.S. 263, 269 (1989) _ _ _ _ _ _ _ _ 5

Carmell v. Texas, 529 U.S. 513, 533 (2000) _ _ _ _ _ _ _ _ _ _ _ 5

Clark v. Arizona, 126 S.Ct. 2709, 2729 (2006) _ _ _ _ _ _ _ _ 4

Cockerham v. Cain, 283 F.3d 657, 663 (5th Cir. 2002) _ _ _ _ _ _ 6

Cumbie v. State, 578 S.W.2d 732, 733 (Tex. Crim. App. 1979) _ _ _ _ _ _ 4

Cupp v. Naughten, 414 U.S. 141, 147 (1973) _ _ _ _ _ _ _ _ _ _ 4

Dalia v. United States, 441 U.S. 238 (1979) _ _ _ _ _ _ _ _ _ _ _ 3

Ex parte Brooks, 219 S.W.3d 396 (Tex. Crim. App. 2007) _ _ _ _ _ _ _ 1

Ex parte Lyles, 891 S.W.2d 960, 962 (Tex. Crim. App. 1995) _ _ _ _ _ _ _ 1

Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) _ _ _ _ _ _ _ 7

Jackson v. Edwards, 404 F.3d 612 (2nd Cir. 2005) _ _ _ _ _ _ _ 2, 6

Martinez v. Garcia, 379 F.3d 1034, 1038 (9th Cir. 2004) _ _ _ _ _ _ 5

Russeau v. Stephens, 559 Fed. Appx. 342, 350 (5th Cir. 2014) _ _ _ _ _ _ _ 2

Slack v. McDaniel, 529 U.S. 473, 483 (2000) _ _ _ _ _ _ _ _ _ _ 7

Trevino v. Thaler, 133 S.Ct. 1911, 1921 (2013) _ _ _ _ _ _ _ _ _ _ _ 2

United States v. Olano, 507 U.S. 725, 732-33 (1993) _ _ _ _ _ _ _ _ 5

U.S. v. Wolfe, 245 F.3d 257, 261 (3d Cir. 2001) _ _ _ _ _ _ _ _ _ 6

Wright v. State, 28 S.W.3d 526, 537 (Tex. Crim. App. 2000) _ _ _ _ _ 6

Statutes

Tex. Pen. Code Ann. § 1.07(a)(22)(Vernon 2005) _ _ _ _ _ _ _ _ _ 3

Tex. Health & Safety Code §481.112(a) _ _ _ _ _ _ _ _ _ _ _ _ 3

TO THE HONORABLE JUDGES OF SAID COURT:

Comes now HAMIS ATHOMAN CHANDE, Applicant, appearing *pro se,* and respectfully files objections to the trial court's findings and conclusions in this writ application and in support would show to the Court the following:

## GENERAL OBJECTIONAL

Applicant seeks direct state habeas protection of his personal right to effective assistance of counsel and he vehemently objects to the trial court's findings and conclusions (or "F & C") in this case. He specifically argues that the trial court erred in holding that "[he] has presented no matters which are cognizable under a subsequent writ application." (*Id.* at 1: note # 2). In contrast to the trial court's "F & C", Applicant files this writ application, claiming that he is actually innocent and would not have been convicted but for the following constitutional violations: his conviction was obtained by the State's denial of his rights to effective assistance of trial counsel and pretrial counsel. While "habeas corpus review is available for the denial of fundamental or constitutional rights," *Ex parte Lyles,* 891 S.W. 2d 960, 962 (Tex. Crim. App. 1995), for a subsequent writ application, "an applicant must accompany constitutional-violation claims with a prima facie claim of actual innocence." *Ex parte Brooks,* 219 S.W. 3d 396, 398 (Tex. Crim. App. 2007). The same is true here that the circumstances presented raise a *Schlup* claim which are cognizable under a subsequent writ application. *See id.*

Finally, Applicant asserts that the trial court erred in failing to make a ruling on his *pro se* motion for an evidentiary hearing, in violation of his federal due process.

1

## CLEARLY ESTABLISHED FEDERAL LAW

The underlying federal law in this subsequent writ application — that a procedural default of ineffective assistance of trial counsel (or "IATC") claims — was clearly established by the United States Supreme Court in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Court explained that to succeed in establishing cause to excuse a procedural default of IATC claims, an applicant must show that (1) his underlying claims of IATC are "substantial," meaning that he "must demonstrate that the claim[s] ha[ve] some merit," *id.* at 1318; and (2) in his initial-review collateral proceeding, "there was no counsel" to present those claims in his first state habeas application. *See id.*; *accord Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013); *Russeau v. Stephens*, 554 Fed. Appx. 342, 350 (5th Cir. 2014).

## MERITS

Based on the "appellate" record of his original trial (docket no. 2012-338-C1) of this case and the applicable law, Applicant asserts that there is justiciable issues presented in this subsequent writ application for the Court's consideration. He contends the trial court got the record and applicable law of this case wrong, thus, its "F&C" should be overruled by this Court. In order for him to be granted habeas relief in this case, Applicant notes that the Court must resolve *four* questions [below] in his favor. *See, e.g., Jackson v. Edwards*, 404 F. 3d 612, 621 (2nd Cir. 2005)(citing *Davis*, 270 F. 3d at 124).

### 1. Was a No-knock Warrant illegal under the Fourth Amendment?

This Court's role "is required to follow the decisions and reasoning of the U.S. Supreme Court on federal constitutional issues." *Guzman v. State*, 85 S.W. 3d 242, 243 (Tex. Crim. App. 2002). As such, the underlying federal law in this issue — that

2

whether an officer requesting a warrant would be constitutionally required to set forth the anticipated means for execution — was clearly established by the Supreme Court in *Dalia v. United States,* 441 U.S. 238, 99 S.Ct. 1682, 60 L.Ed. 2d 177 (1979). In *Dalia,* the Court discussed the Fourth Amendment's Warrant Clause and held that *neither the language of the Constitution nor its decisions interpreting that language suggests that* "search warrants also must include a specification of the precise manner in which they are to be executed."*Id.* at 257, 99 S.Ct. at 1693 (emphasis added). To be sure, "it is generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant—subject of course to the general Fourth Amendment protection against unreasonable searches and seizures."*Id.* Therefore, Applicant argues that the State-issued "no-knock" warrant was "constitutionally defective" because the search warrant failed to comply with the Warrant Clause as well as in conflicts with the clearly established federal law under *Dalia.*

Under these circumstances, Applicant argues that the trial court erred in holding that "there is no justiciable issue presented for the Court's consideration."(*Id.*: note # 3).

## 2. Was a mens rea in the application paragraph of the charge required under Texas law?

Section 1.07(a)(22) of the Texas Penal Code defined an element of an offense as: (A) the forbidden conduct; (B) the required culpability; (C) any required result; and (D) the negation of any exception in the statute. TEX. PEN. CODE ANN. §1.07(a)(22)(Vernon 2005). Applicant notes, the record reflects that the trial court erroneously omitted the "required culpability,"*id.* §1.07(a)(22)(B), in the application paragraph of the hypothetical correct jury charge.(CR at 131). By contrast, for Applicant to have committed the offense of drug-possession with intent to deliver as alleged in the indictment and as specified in the statute, his unlawful conduct must be accompanied by the required culpability—i.e. *knowingly*— in the charge's application paragraph. *See* TEX. HEALTH & SAFETY CODE § 481.112 (a); *see also* Cook v. State, 884 S.W. 2d 485,

3

487 (Tex. Crim. App. 1994) (holding that "the most basic and fundamental concept of criminal law, that in order to constitute a crime, the act or *actus reus* must be accompanied by a criminal mind or *mens rea*."). Applicant argues that the erroneous charge unconstitutionally lessening the State's burden of proof and creating a presumption in the minds of the jurors that a "required culpability" was not necessarily require to be proved beyond a reasonable doubt.

Because Applicant was clearly entitled to a *knowingly* element be instructed in the charge pursuant to Texas law, therefore, he argues the trial court erred in holding that there is not merit in this case for the Court's consideration. (*Id.*).

## 3. Did the failure to instruct the required culpability in the charge result in a denial of due process?

It has long been held that "[a]n omission from the court's charge of an allegation in the indictment which is required to be proved [is] fundamental error." *Cumbie v. State*, 578 S.W. 2d 732, 733 (Tex. Crim. App. 1979) (citation omitted). This includes the "omitting culpable mental states." *Id.*, quoting *West v. State*, 567 S.W. 2d 515 (Tex. Crim. App. 1978). Here, Applicant argues that the trial court's action by omitting the required culpability in its instruction given to the jury was a fundamental error in which so infected his "entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). This is because "the force of the presumption of innocence is measured by the force of the showing needed to overcome it, which is proof beyond a reasonable doubt that a defendant's state of mind was in fact what the charge states." *Clark v. Arizona*, 126 S.Ct. 2709, 2729 (2006).

Indeed, "[t]he Due Process Clause of the Fourteenth Amendment denies States the power to deprive the accused

4

of liberty unless the prosecutor proves beyond a reasonable doubt every element of the charged offense." *Martinez v. Garcia*, 379 F. 3d 1034, 1038 (9th Cir. 2004). "Jury instructions relieving States of this burden violate a defendant's due process rights." *Id.* The same is true here that the trial court's failure to give the mental element instruction in the charge's application paragraph at Applicant's trial violated his rights to due process of law.

## 4. Is the trial court's error remediable by habeas corpus?

Applicant notes that "the question is not whether guilt may be spelt out of a record, but whether guilt has been found by a jury according to the procedure and standards appropriate for criminal trials." *Carella v. California*, 491 U.S. 263, 269, 109 S. Ct. 2419, 2422, 105 L. Ed. 2d 218 (1989) (SCALIA, J., concurring). In other words, "[t]here is plainly a fundamental fairness interest, even apart from any claim of reliance or notice, in having the [State] abide by the rules of law it establishes to govern the circumstances under which it can deprive a person of his liberty or life." *Carmell v. Texas*, 529 U.S. 513, 533, 120 S. Ct. 1620, 1633, 146 L. Ed. 2d 577 (2000). Here, not only that the trial court's "F & C" are purely erroneous and mere conclusory analysis, but also unsupported by facts of the case and any legal authority. In holding that "there are no issues material to Applicant's claims which need to be resolved," (id.: note # 4), the trial court unreasonably applied clearly established federal law — such as *Cupp, Kimmelman,* and *Carella,* just a few example — which clearly requires for this type of IAC claim here, that a reviewing court consider the underlying Fourth and Fourteenth Amendments claims. In so doing, the trial court deviated from that legal rule which constituted error. *See, e.g., United States v. Olano,* 507 U.S. 725, 732-33 (1943) (holding in relevant part that "deviation from a legal rule is

5

`erro.'"); see also U.S. v. Wolfe, 245 F. 3d 257, 261 (3d Cir. 2001) ("[a] court's deviation from a legal rule constitutes `error'"). Furthermore, in holding that "based on a review of [this] application, the record of the case, and applicable law, there is no issue for the Court's consideration," (id.; note # 3) the trial court proved that it did not identify any structural error or apply clearly federal law in this case.

Indeed, habeas relief is plainly warranted here. Because the State-issued warrant was "constitutionally defective," and the trial court's failure to properly instruct "the mental element" in the charge's application paragraph at his trial for second degree drug-possession violated due process and thus, he is entitled to habeas relief because both the unconstitutional jury instruction and the defective search warrant were nothing less than "catastrophic." To hold otherwise would render *Dalia* meaningless and would also create a purely arbitrary distinction between those in Applicant's position and others who would enjoy the benefit of a correct decision by a reviewing court. See, e.g., *Jackson*, 404 F. 3d at 627-28 (habeas relief granted because jury instruction constituted a constitutional violation of due process); *Cockerham v. Cain*, 283 F. 3d 657, 663 (5th Cir. 2002) (same); *Sanders v. Cotton*, 398 F. 3d 572, 583 (7th Cir. 2005) (same); *Martinez*, 379 F. 3d at 1041 (same); *Turrentine v. Mullin*, 390 F. 3d 1181, 1194 (10th Cir. 2004) (same).

## CUMULATIVE ERROR

As the Texas Court of Criminal Appeals has held that "a number of errors may be found harmful in their cumulative effect." *Wright v. State*, 28 S. W. 3d 526, 537 (Tex. Crim. App. 2000). The same is true here that Applicant argues the *cumulative effect* of all the [above] errors by the trial court denied him of his rights to due process.

It is important to note that it makes no difference

that a defendant has sought a new trial as one of his remedies, or even as the sole remedy. "It cannot be meaningfully said that a person 'waives' his right to a judgment of acquittal by moving for a new trial." Burks v. United States, 437 U.S. 1, 17, 98 S. Ct. 2141, 2150, 57 L. Ed. 2d 1 (1978). Moreover, an appellate court is authorized to "go beyond the particular relief sought" in order to provide that relief which would be "just under the circumstances." See id. at 17-18, 98 S. Ct. at 2150. Therefore, Applicant asserts that this Court to go beyond the habeas relief he seeks and exonerate him as a matter of law and conscience.

## CONCLUSION

It is well-established that "[t]he writ of habeas corpus plays a vital role in protecting constitutional rights." Slack v. McDaniel, 529 U.S. 473, 483, 120 S. Ct. 1595, 1603, 146 L. Ed. 2d 542 (2000). As such, a dismissal of "habeas petition is a particularly serious matter, for that dismissal denies the [Applicant] the protections of the Great Writ entirely, risking injury to an important interest in human liberty." Fisher v. Johnson, 174 F. 3d 710, 713 (5th Cir. 1999) (citing Lonchar, 517 U.S. at 324). Therefore, the trial court's recommendation for dismissal of this subsequent writ application, in so doing, it ignored the protection of the Great Writ afforded to Applicant and his important interest of his liberty.

Because Applicant's federal rights to due process and effective assistance of pretrial counsel and trial counsel were violated, consequently, this Court should grant this writ application.

## PRAYER FOR RELIEF

For the foregoing reasons, Applicant prays that this Honorable Court:

1. Upon review of the record of this case, reject the trial court's recommendation and grant the writ; and

2. That Applicant have such other and further relief as he may show himself to be justly entitled.

7

Respectfully Submitted,

_____

Hamis Chande

ID: 1828317
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

Applicant Pro Se


## DECLARATION

I, HAMIS ATHOMAN CHANDE, am the Applicant in this cause and declares, under penalty of perjury, that the objection was in-person delivered to the appropriate prison authorities at the law library on June 1, 2015, for forwarding to the clerk of the Texas Court of Criminal Appeals. Mailbox rule deemed filed at time delivered to prison authorities.

Executed on: 6/01/15

_____

Hamis Chande

8